Robert V. Prongay (SBN 270796)
    *rprongay@glancylaw.com*
Pavithra Rajesh (SBN 323055)
    *prajesh@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Benjamin I. Sachs-Michaels
    *bsachsmichaels@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
712 Fifth Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 935-7400

*Counsel for Plaintiff Dan Aptor*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN APTOR, Derivatively and for the Benefit of Nominal Defendant ONTRAK, INC., <br><br> Plaintiff, <br><br> v. <br><br> TERREN S. PEIZER, BRANDON H. LAVERNE, RICHARD A. BERMAN, MICHAEL SHERMAN, EDWARD ZECCHINI, DIANE SELOFF, ROBERT REBAK, GUSTAVO GIRALDO, KATHERINE QUINN, <br><br> Defendants, <br><br> and <br><br> ONTRAK, INC., <br><br> Nominal Defendant. | Case No. 2:21-cv-06371-FLA (Ex) <br><br> **JOINT STATUS REPORT IN RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION (ECF No. 18)** <br><br> Hon. Fernando L. Aenlle-Rocha |

[Caption continues on following page]

| | |
|---|---|
| MICHAEL ANDERSON, derivatively on behalf of ONTRAK, INC., | Case No. 2:21-cv-07998-FLA (Ex) |
| Plaintiff, | |
| v. | Hon. Fernando L. Aenlle-Rocha |
| TERREN S. PEIZER, BRANDON H. LAVERNE, CURTIS MEDEIROS, RICHARD A. BERMAN, MICHAEL SHERMAN, EDWARD ZECCHINI, DIANE SELOFF, ROBERT REBAK, GUSTAVO GIRALDO, and KATHERINE QUINN, | |
| Defendants, | |
| and | |
| ONTRAK, INC., | |
| Nominal Defendant. | |

JOINT STATUS REPORT

Plaintiffs Dan Aptor ("Aptor") and Michael Anderson ("Anderson") (together, "Plaintiffs"), Defendants Terren S. Peizer, Brandon H. LaVerne, Curtis Medeiros, Richard A. Berman, Michael Sherman, Edward Zecchini, Diane Seloff, Robert Rebak, Gustavo Giraldo, Katherine Quinn ("Individual Defendants"), and Nominal Defendant Ontrak, Inc. ("Ontrak" or the "Company") (collectively with Individual Defendants, the "Defendants") (collectively with Plaintiffs, the "Parties"), by their undersigned counsel, submit this joint status report in response to the Court's order to show cause why the above-captioned actions (the "Derivative Actions") should not be consolidated with the consolidated securities class action pending before this Court captioned *Farhar v. Ontrak, Inc.*, 2:21-cv-01987-FLA (Ex) (the "*Farhar* Action"). *See* ECF No. 18 (the "OSC").

The Parties have met and conferred, and Plaintiffs have met and conferred with Ibinado Dick ("Dick"), Lead Plaintiff in the *Farhar* Action. Plaintiffs and Dick agree that the Derivative Actions should not be consolidated with the *Farhar* Action and Dick should remain Lead Plaintiff for the *Farhar* Action. Defendants take no position. The undersigned state in support as follows:

1.    As noted in the OSC, the allegations in the complaints filed in the Derivative Actions and the *Farhar* Action arise from the same transactions, happenings, or events. However, there are important distinctions between the legal claims asserted in the respective actions that preclude consolidation of the Derivative Actions with the *Farhar* Action due to the risk for prejudice and confusion. Instead, the Derivative Actions should proceed separately from the *Farhar* Action, an approach that would "avoid unnecessary cost or delay," consistent with Fed. R. Civ. P. 42(a).

2.    Courts in this Circuit have recognized that "[t]he nature of a derivative action differs substantially from that of a securities class action," with the two having "varying procedural and substantive requirements." *Sanders v. VeriFone Sys., Inc.*,

No. 5:13-CV-01038-EJD, 2013 WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013). The Derivative Actions and the *Farhar* Action illustrate these different considerations.

3.   The *Farhar* Action alleges violations of the federal securities laws *against*, among others, Ontrak, whereas the Derivative Actions assert claims *on behalf of* Ontrak. Thus, in the *Farhar* Action, Dick seeks a recovery *from* the Company, among others, for a class of investors who purchased the Company's stock during the specified class period. In contrast, Aptor and Anderson in the Derivative Actions seek recoveries *for* the Company. The distinction between the remedies sought in the *Farhar* Action and the Derivative Actions alone counsels against consolidation. *See Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *1 (N.D. Cal. Mar. 4, 2013) (separately consolidating derivative shareholder suits, non-derivative securities class actions, and ERISA suits because though they "share common facts, the Court agrees with the parties that the legal issues underlying the three sets of cases are sufficiently distinct that consolidation into three separate actions is appropriate").

4.   The procedural differences between the *Farhar* Action and the Derivative Actions also counsels against consolidation. Specifically, the *Farhar* Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). As a result, the *Farhar* Action is subject to, among other things, a procedure for the appointment of lead plaintiff and lead counsel (15 U.S.C. § 78u-4(a)(3)(B)), a heightened pleading standard (*see* 15 U.S.C. § 78u-4(b)(1)-(2)), and a stay of discovery and all other proceedings during the pendency of any motion to dismiss (15 U.S.C. § 78u-4(b)(3)(B)). These procedural standards do not apply to the Derivative Actions.

5.   In determining whether to consolidate, the Court must "weigh[] the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Stockman-Sann v. McKnight*, 2013 WL 12128816, at *2 (C.D. Cal. Mar. 4, 2013). Given the distinct legal issues underlying

JOINT STATUS REPORT

the Derivative Actions and the *Farhar* Action, consolidation would risk confusion and prejudice.

6.   Courts have recognized that "consolidation may result in unfair prejudice" to parties named in a corollary derivative action but not in the related securities action. *Sanders*, 2013 WL 5550435, at *2. Here, seven of the Individual Defendants named in the Derivative Actions are not parties to the *Farhar* Action, and consolidation could "result in unfair prejudice to these additional parties." *Id.* Consolidation would also pose the risk of confusion as to the scope of the Court's directives, in light of the substantial—but incomplete—overlap of the named defendants between matters, as well as the dual roles played by Ontrak.

7.   Thus, the Court should take the "more common approach" and allow the Derivative Actions to "proceed separately" from the *Farhar* Action. *See In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 2009 WL 50132, at *5 (S.D.N.Y. Jan. 5, 2009); *see also Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151–52 (N.D. Cal. 1999) (consolidating all cases except shareholder derivative suit). Indeed, this approach has been taken in this very district, where the court has "expressly" declined to consolidate a shareholder derivative action with a related class action even though the "shareholder derivative action ar[ose] out of the same alleged misstatements at issue" in the class action. *Romero v. Growlife, Inc.*, No. 2:14-CV-03015-CAS, 2014 WL 3734543, at *3 (C.D. Cal. July 23, 2014).

8.   Due to the foregoing distinctions between the Derivative Actions and the *Farhar* Action, Plaintiffs concur that the Derivative Actions should not be consolidated with the *Farhar* Action and Dick should remain Lead Plaintiff in the *Farhar* Action.

9.   Consolidation of the Derivative Actions is appropriate, as the legal difficulties and risks discussed herein do not apply to consolidation of the two Derivative Actions, which are of like kind. Aptor, Anderson and the Defendants have previously stipulated (ECF No. 15) to consolidate the Derivative Actions.

Accordingly, they respectfully request the Court to enter the [Proposed] Order Consolidating Related Actions, Appointing Co-Lead Counsel, and Staying Case Pending Resolution of Motion to Dismiss Related Securities Action (ECF No 17-1), which was filed with the Court on October 26, 2021.

10.    Moreover, while as noted above, Defendants take no position as to consolidation of the *Farhar* and Derivative Actions, or the appropriate Lead Plaintiff in the *Farhar* Action, Defendants do believe that, either way, the Derivative Actions should be stayed pending resolution of the *Farhar* Action. *See generally In re BofI Holding, Inc. S'holder Litig.*, 848 Fed. Appx. 234, 236-37 (9th Cir. Feb. 25, 2021) (appropriate to stay shareholder derivative case pending resolution of related securities class action). However, if the *Farhar* Action proceeds past the pleading stage, and the Derivative Actions are not stayed pursuant to *BofI* pending resolution of the *Farhar* Action, Defendants believe that discovery and certain other – as appropriate and necessary – pre-trial matters should be coordinated between the *Farhar* Action and the Derivative Actions for the convenience of the Court and the parties.

Respectfully submitted,

DATED:  November 19, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Pavithra Rajesh*

Robert V. Prongay (SBN 270796)
    rprongay@glancylaw.com
Pavithra Rajesh (SBN 323055)
    prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Dan Aptor*

-4-

| | |
|---|---|
| 1 | DATED:  November 19, 2021 |

**THE BROWN LAW FIRM, P.C.**

By: _/s/ Robert C. Moest_
Robert C. Moest, Of Counsel, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: RMoest@aol.com

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Michael Anderson*

DATED:  November 19, 2021

**SHEPPARD  MULLIN  RICHTER  &
HAMPTON LLP**

By: _/s/ Bridget J. Russell_
John P. Stigi III
Bridget J. Russell
Gian A. Ryan
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3717
Facsimile: (310) 228-3917
Email: jstigi@sheppardmullin.com
Email: brussell@sheppardmullin.com
Email: gryan@sheppardmullin.com

*Counsel for Defendants*

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to C.D. Cal Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  November 19, 2021          **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Pavithra Rajesh*

Pavithra Rajesh

*Counsel for Plaintiff Dan Aptor*

-6-

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On November 19, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 19, 2021, at Los Angeles, California.

*/s/ Pavithra Rajesh*
Pavithra Rajesh